Scott P. Shaw, Bar No. 223592
sshaw@calljensen.com
John T. Egley, Bar No. 232545
jegley@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendants Benny's Aloha Shirts,
Rocky Mountain Apparel Company LLC dba Harley Davidson Café,
Southwest Bowling Apparel, Scott Apparel, Inc., Scott Yoon,
Miguel Vivanco, Nativity Rigalado, and Avelino Diaz

# UNITED STATES DISTRICT COURT

## CENTRAL OF CALIFORNIA

| | |
|---|---|
| UMERCO CLOTHING CO. INC., a California corporation,<br><br>      Plaintiff,<br><br>      vs.<br><br>BENNY'S ALOHA SHIRTS, a business entity of form unknown, HARLEY DAVIDSON CAFÉ, a business entity of form unknown, SOUTHWEST BOWLING APPAREL, a business entity of form unknown, KILLER HATS COMPANY, a Pennsylvania corporation, MUSICIAN'S FRIEND, a Delaware corporation, SCOTT APPAREL, INC., a California Corporation, SCOTT YOON, an individual, MIGUEL VIVANCO, an individual, NATIVITY RIGALADO, an individual, AVELINO DIAZ, an individual, and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.  SACV10-01435 JVS (CWx)<br><br>**ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Complaint Filed:   September 22, 2010
Trial Date:   None Set

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

1    Defendants Benny's Aloha Shirts, Rocky Mountain Apparel Company LLC dba
2 Harley Davidson Café, Scott Apparel, Inc., Scott Yoon, Mi guel Vivanco, Nativity
3 Rigalado, and Avelino Diaz (collectively "Defendants") hereby answer Plaintiff
4 Umerco Clothing Co., Inc.'s ("Plaintiff") unverified Complaint ("Complaint") as
5 follows:

6    1.    In response to paragraph 1 of the Complaint, Defendants admit that
7 Plaintiff purports to assert claims, and seeks certain damages, under the Lanham Act
8 and Copyright Act, among other claims.  Defendants further admit that subject matter
9 jurisdiction in the district courts is proper.  Defendants state that the statutes cited
10 therein, speak for themselves.

11    2.    In response to paragraph 2 of the Complaint, Defendants Scott Apparel,
12 Inc., Scott Yoon, Miguel Vivanco, Nativity Rigalado, and Avelino Diaz admit that
13 jurisdiction is proper as to them.  As to the remaining defendants, Defendants deny that
14 this Court has personal jurisdiction over them.   As to the remaining allegations,
15 Defendants deny each and every allegation asserted therein.

16    3.    In response to paragraph 3 of the Complaint, Defendants Scott Apparel,
17 Inc., Scott Yoon, Miguel Vivanco, Nativity Rigalado, and Avelino Diaz admit that
18 venue is proper as to them.   As to the remaining defendants, Defendants deny that
19 venue is proper as to them.  As to the remaining allegations, Defendants deny each and
20 every allegation asserted therein.

21    4.    In response to paragraph 4 of the Complaint, Defendants are without
22 knowledge or information sufficient to form a belief as to the truth of these allegations,
23 and on that basis, deny these allegations.

24    5.    In response to paragraph 5 of the Complaint, Defendant Benny's Aloha
25 Shirts admits that its principal place of business is in Cardiff, California.  As to the
26 remaining Defendants, Defendants are without knowledge or information sufficient to

27
28

CALL & JENSEN
A PROFESSIONAL CORPORATION

form a belief as to the truth of these allegations, and on that basis, deny these allegations.

6.  In response to paragraph 6 of the Complaint, Defendant Rocky Mountain Apparel Company LLC dba Harley Davidson Café denies the allegations contained herein.  As to the remaining Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

7.  In response to paragraph 7 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

8.  In response to paragraph 8 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

9.  In response to paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

10.  In response to paragraph 10 of the Complaint, Defendant Scott Apparel, Inc. admits the allegations contained therein.  As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

11.  In response to paragraph 11 of the Complaint, Defendant Scott Yoon admits the allegations therein except denies that he is "in part responsible for the actions alleged in this Complaint."  As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

12.  In response to paragraph 12 of the Complaint, Defendant Miguel Vivanco admits that he resides in California.  Except as admitted herein, Defendant Vivanco

CALL & JENSEN
A PROFESSIONAL CORPORATION

denies the remaining allegations.   As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

13.   In response to paragraph 13 of the Complaint, Defendant Nativity Rigalado admits that she resides in California.  Except as admitted herein, Defendant Rigalado denies the remaining allegations.   As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

14.   In response to paragraph 14 of the Complaint, Defendant Avelino Diaz admits that he resides in California.  Except as admitted herein, Defendant Diaz denies the remaining allegations.   As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

15.   In response to paragraph 15 the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

16.   In response to paragraph 16 of the Complaint, Defendants deny each and every allegation asserted therein.

17.   In response to paragraph 17 of the Complaint, Defendants Scott Apparel, Inc., Scott Yoon, Miguel Vivanco, Nativity Rigalado, and Avelino Diaz admit that they are aware that Plaintiff Umerco is engaged in the business of designing, manufacturing, marking, and selling clothing for sale.  Except as admitted herein, as to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

18.   In response to paragraph 18 of the Complaint, Defendants deny each and every allegation asserted therein.

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

19.     In response to paragraph 19 of the Complaint, Defendants deny each and every allegation asserted therein.

20.     In response to paragraph 20 of the Complaint, Defendants Scott Apparel, Inc., Scott Yoon, Miguel Vivanco, Nativity Rigalado, and Avelino Diaz state that they are aware of the sale of some of Plaintiff's purported intellectual property rights by the bankruptcy trustee and that such rights were purchased by some of the Defendants and that such rights were subsequently rescinded by the bankruptcy trustee.  Moreover, certain of the Defendants are aware that the purported copyrights of Plaintiff were not listed in the bankruptcy schedules of Plaintiff's assignee.  Except as otherwise stated herein, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

21.     In response to paragraph 21 of the Complaint, Defendants deny each and every allegation asserted therein.

22.     In response to paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

23.     In response to paragraph 23 the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

24.     In response to paragraph 24 of the Complaint, defendants Miguel Vivanco and Nativity Rigaldo admit that they were employed by Dragonfly Clothing, Inc. and were therefore generally aware of their employer's purported intellectual property.  As to the remaining allegations defendants Miguel Vivanco and Nativity Rigaldo deny each and every allegation asserted therein.  As to the remaining Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

25.   In response to paragraph 25 of the Complaint, defendants Miguel Vivanco, Nativity Rigaldo, and Avelino Diaz deny the allegations asserted therein.   As to the remaining Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

26.   In response to paragraph 26 the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

27.   In response to paragraph 27 of the Complaint, defendant Scott Apparel, Inc. and Scott Yoon admit that Scott Apparel, Inc. is in part owned and operated by Defendant Yoon and is located in Los Angeles, California.   As to the remaining allegations, Defendants deny each and every allegation asserted therein.

28.   In response to paragraph 28 of the Complaint, Defendants deny each and every allegation asserted therein.

29.   In response to paragraph 29 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

30.   In response to paragraph 30 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 29, inclusive, of this Answer.

31.   In response to paragraph 31 of the Complaint, Defendants deny each and every allegation asserted therein.

32.   In response to paragraph 32 of the Complaint, Defendants state that the exhibits attached to the Complaint speak for themselves.   Except as stated herein, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

33.     In response to paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

34.     In response to paragraph 34 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

35.     In response to paragraph 35 of the Complaint, Defendants deny each and every allegation asserted therein.

36.     In response to paragraph 36 of the Complaint, Defendants deny each and every allegation asserted therein.

37.     In response to paragraph 37 of the Complaint, Defendants deny each and every allegation asserted therein

38.     In response to paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

39.     In response to paragraph 39 of the Complaint, Defendants deny each and every allegation asserted therein.

40.     In response to paragraph 40 of the Complaint, Defendants deny each and every allegation asserted therein.

41.     In response to paragraph 41 of the Complaint, Defendants deny each and every allegation asserted therein.

42.     In response to paragraph 42 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 41, inclusive, of this Answer.

43.     In response to paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

44.     In response to paragraph 44 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

45.     In response to paragraph 45 of the Complaint, Defendants deny each and every allegation asserted therein.

46.     In response to paragraph 46 of the Complaint, Defendants deny each and every allegation asserted therein.

47.     In response to paragraph 47 of the Complaint, Defendants deny each and every allegation asserted therein.

48.     In response to paragraph 48 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 47, inclusive, of this Answer

49.     In response to paragraph 49 of the Complaint, Defendants deny each and every allegation asserted therein.

50.     In response to paragraph 50 of the Complaint, Defendants deny each and every allegation asserted therein.

51.     In response to paragraph 51 of the Complaint, Defendants deny each and every allegation asserted therein.

52.     In response to paragraph 52 of the Complaint, Defendants deny each and every allegation asserted therein.

53.     In response to paragraph 53 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 52, inclusive, of this Answer.

54.     In response to paragraph 54 of the Complaint, Defendants deny each and every allegation asserted therein.

55.     In response to paragraph 55 of the Complaint, Defendants deny each and every allegation asserted therein.

CALL & JENSEN
A PROFESSIONAL CORPORATION

56. In response to paragraph 56 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 55, inclusive, of this Answer.

57. In response to paragraph 57 of the Complaint, Defendants deny each and every allegation asserted therein.

58. In response to paragraph 58 of the Complaint, Defendants deny each and every allegation asserted therein.

59. In response to paragraph 59 of the Complaint, Defendants deny each and every allegation asserted therein.

60. In response to paragraph 60 of the Complaint, Defendants deny each and every allegation asserted therein.

61. In response to paragraph 61 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 60, inclusive, of this Answer.

62. In response to paragraph 62 of the Complaint, Defendants deny each and every allegation asserted therein.

63. In response to paragraph 63 of the Complaint, Defendants deny each and every allegation asserted therein.

64. In response to paragraph 64 of the Complaint, Defendants deny each and every allegation asserted therein.

65. In response to paragraph 65 of the Complaint, Defendants deny each and every allegation asserted therein.

66. In response to paragraph 66 of the Complaint, Defendants deny each and every allegation asserted therein.

67. In response to paragraph 67 of the Complaint, Defendants deny each and every allegation asserted therein.

CALL & JENSEN
A PROFESSIONAL CORPORATION

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

68.    In response to paragraph 68 of the Complaint, Defendants deny each and every allegation asserted therein.

69.    In response to paragraph 69 of the Complaint, Defendants deny each and every allegation asserted therein.

70.    In response to paragraph 70 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 69, inclusive, of this Answer

71.    In response to paragraph 71 of the Complaint, Defendants deny each and every allegation asserted therein.

72.    In response to paragraph 72 of the Complaint, Defendants deny each and every allegation asserted therein.

73.    In response to paragraph 73 of the Complaint, Defendants deny each and every allegation asserted therein.

74.    In response to paragraph 74 of the Complaint, Defendants deny each and every allegation asserted therein.

75.    In response to paragraph 75 of the Complaint, Defendants deny each and every allegation asserted therein.

76.    In response to paragraph 76 of the Complaint, Defendants deny each and every allegation asserted therein.

77.    In response to paragraph 77 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 76, inclusive, of this Answer

78.    In response to paragraph 78 of the Complaint, Defendants deny each and every allegation asserted therein.

79.    In response to paragraph 79 of the Complaint, Defendants deny each and every allegation asserted therein.

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

80.   In response to paragraph 80 of the Complaint, Defendants deny each and every allegation asserted therein.

81.   In response to paragraph 81 of the Complaint, Defendants deny each and every allegation asserted therein.

82.   In response to paragraph 82 of the Complaint, Defendants deny each and every allegation asserted therein.

83.   In response to paragraph 83 of the Complaint, Defendants deny each and every allegation asserted therein.

84.   In response to paragraph 84 of the Complaint, Defendants deny each and every allegation asserted therein.

85.   In response to paragraph 85 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 84, inclusive, of this Answer.

86.   In response to paragraph 86 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

87.   In response to paragraph 87 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, deny these allegations.

88.   In response to paragraph 88 of the Complaint, Defendants deny each and every allegation asserted therein.

89.   In response to paragraph 89 of the Complaint, Defendants deny each and every allegation asserted therein.

90.   In response to paragraph 90 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 89, inclusive, of this Answer.

CALL & JENSEN
A PROFESSIONAL CORPORATION

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

91.     In response to paragraph 91 of the Complaint, Defendants deny each and every allegation asserted therein.

92.     In response to paragraph 92 of the Complaint, Defendants deny each and every allegation asserted therein.

93.     In response to paragraph 93 of the Complaint, Defendants deny each and every allegation asserted therein.

94.     In response to paragraph 94 of the Complaint, Defendants deny each and every allegation asserted therein.

95.     In response to paragraph 95 of the Complaint, Defendants deny each and every allegation asserted therein.

96.     In response to paragraph 96 of the Complaint, Defendants incorporate herein by reference as thought fully set forth the responses contained in Paragraphs 1 though 95, inclusive, of this Answer.

97.     In response to paragraph 97 of the Complaint, Defendants state that this is a legal conclusion which does not require a response.

98.     In response to paragraph 98 of the Complaint, Defendants state that this is a legal conclusion which does not require a response.

99.     In response to paragraph 99 of the Complaint, Defendants deny each and every allegation asserted therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint, and each and every claim for relief therein, fails to allege facts sufficient to state a claim for relief against Defendants.

CALL & JENSEN
A PROFESSIONAL CORPORATION

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each and every claim for relief therein, is barred by the applicable statute of limitations, including Section 507 of the Copyright Act and Section 17208 of the California Business & Professions Code.

## THIRD AFFIRMATIVE DEFENSE

### (Not Original)

3.     Plaintiff's claims are barred by the fact, based upon information and belief, that the purported copyright referenced in the Complaint are not original works of authorship and thus are not entitled to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     Plaintiff's claims are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced Defendants.   Although a reasonable opportunity for investigation or discovery is likely to provide further evidentiary support for this defense, Defendants' laches defense is preliminarily evidenced by delay between Plaintiff's discovery of the alleged copyright infringement and bringing this claim.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiff's claims are barred by the doctrine of unclean hands as evidenced by the fact, among other things, that Plaintiff purportedly knew about and discovered the alleged infringing activity but delayed in bringing its claim, thereby potentially and purposefully artificially inflating Plaintiff's alleged damages.   Moreover, Plaintiff's

CALL & JENSEN
A PROFESSIONAL CORPORATION

unclean hands is evidenced by the fact that it purportedly acquired the rights from Dragonfly Clothing, Inc. after Dragonfly failed to disclose any intellectual property in its bankruptcy filing and/or was a self-interested and unfair transaction designed to avoid the bankruptcy estate and/or was an assignment with improper consideration.

## SIXTH AFFIRMATIVE DEFENSE
### (Release, Waiver, and Estoppel)

6.     Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

7.     Plaintiff's claims are barred by the doctrine of acquiescence in that Plaintiff acquiesced to the alleged infringement, upon information and belief, based in part upon Plaintiff's conduct of waiting before filing its claim.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Infringement)

8.     Plaintiff's claims are barred by the fact that Defendants' merchandise does not infringe the purported copyright referenced in the Complaint because, among other things, there is no substantial similarity between any purportedly infringing products and Plaintiff's purported copyrighted work, including no substantial similarity with respect to any purported constituent original and protectable elements of Plaintiff's purported copyrighted work.

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.     Plaintiff's claims are barred by its failure to mitigate damages, including, but not limited to, the fact of delay between the discovery of the alleged infringement and the filing of the lawsuit, which a reasonable opportunity for investigation or discovery is likely to provide further evidentiary support.  Accordingly, any damages awarded to Plaintiff should be barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages – Innocent Intent)

10.     Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendants and Defendants have at all times acted with innocent intent in that Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's purported rights or to cause damage to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office)

11.     Defendants are informed and believe and on that basis allege that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiff's fraud or deception in the copyright registration process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWELFTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

12.     Upon information and belief, Plaintiff's claims are barred because of its anti-competitive intent and conduct, its misuse of its purported copyrights and its abuse

CALL & JENSEN
A PROFESSIONAL CORPORATION

1  of the judicial process for which a reasonable opportunity for investigation or discovery

2  is likely to provide evidentiary support.

3

4  ### THIRTEENTH AFFIRMATIVE DEFENSE

5  **(Failure to Join Indispensible Parties)**

6  13.    Upon information and belief, Plaintiff's claims are barred because Plaintiff

7  has failed to join indispensable parties, including without limitation, others claiming

8  ownership of the alleged copyright asserted by Plaintiff in this action, which are

9  necessary for a full and complete adjudication of its claims, including without limitation

10  as required by Rule 19 of the Federal Rules of Civil Procedure, including those parties

11  having an interest in the alleged copyright, for which a reasonable opportunity for

12  investigation or discovery is likely to provide evidentiary support.

13

14  ### FOURTEENTH AFFIRMATIVE DEFENSE

15  **(Consent)**

16  14.    Upon information and belief, Plaintiff's claims are barred and recovery is

17  barred or limited by the doctrine of consent in that Plaintiff consented to the acts it now

18  complains of as evidenced by, among other things, its knowledge of the alleged acts in

19  the Complaint before the filing of this lawsuit for which a reasonable opportunity for

20  investigation or discovery is likely to provide evidentiary support.

21

22  ### FIFTEENTH AFFIRMATIVE DEFENSE

23  **(Lack of Causation)**

24  15.    Upon information and belief, Defendants allege that other persons or

25  entities, the true names and capacities of whom and which Defendants are ignorant,

26  were in some manner responsible for, or otherwise at fault for the allegations alleged in

27  Plaintiff's Complaint.

28

CALL & JENSEN
A PROFESSIONAL CORPORATION

SMA01-01:725214_1:11-18-10

- 16 -

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Scene a Faire and/or Merger)

16.　　Defendants assert that the Plaintiff's claims are barred or limited by the scenes a faire and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted design is ordinary, commonplace, or standard in the relevant art or industry.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Damages Limited by Apportionment)

17.　　Defendants assert that any purported damages sought by the Plaintiff in the form of Defendants' profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringing work, not the entirety of Defendants' profit from the alleged infringing product.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Elements of Copyrights Not Protectable)

18.　　Assuming, *arguendo*, that the products sold by Defendants contain any elements from Plaintiff's purported copyrighted designs, those elements are not protectable under copyright law, do not constitute original expression, and/or the use of those elements is *de minimis*.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registrations)

19.　　The purported copyright registration is invalid inasmuch as the registration was procured improperly as a registration of a collective work, and not all of the textile designs ostensibly covered by said registration were first published as a unit, as is required for the registration of a collective work of textile designs.  Defendants are

CALL & JENSEN
A PROFESSIONAL CORPORATION

SMA01-01:725214_1:11-18-10

- 17 -

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

informed and believed, and on that basis allege, that the Complaint and each and every purported claim for relief thereof, is barred (in whole or in part) because the registrations of the purported copyright that Plaintiff asserts in this action is invalid, void, or unenforceable.   Among other things, a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

> (a)    the registration for the purported copyright contains material that is not original and/or is not protectable as a matter of law;

> (b)    the registration for the purported copyright contains material originally developed by persons or entities other than Plaintiff;

> (c)    the registration for the purported copyright contains material in the public domain;

> (d)    the registration for the purported copyright pertains to designs drawn to "Scenes à Faire," that is, to a design that is ordinary, commonplace, or standard in the relevant art or industry;

> (e)    the registration for the purported copyright pertains to designs consisting of common shapes;

## TWENTIETH AFFIRMATIVE DEFENSE

### (First Sale Exhaustion)

20.    Defendants are not liable for trademark infringement under the first sale exhaustion doctrine as any unauthorized sales of Plaintiff's alleged mark, which Defendants dispute, were resales of the original article and therefore no trademark infringement occurred.

SMA01-01:725214_1:11-18-10

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Ownership Through Bankruptcy)

21.     The Complaint and each cause of action is barred in that Plaintiff does not own any of the alleged copyrights or trademarks due to the failure of Plaintiffs' assignee to disclose any intellectual property in its bankruptcy filing, thus the alleged rights belong to the creditors of Plaintiff's assignee.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Fraud on the Bankruptcy Court)

22.     The Complaint and each cause of action is barred in that Plaintiff does not own any of the alleged copyrights or trademarks due to the failure of Plaintiffs' assignee to disclose any intellectual property in its bankruptcy filing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Confusion)

23.     Plaintiff's claim for trademark infringement fails as there if no likelihood of any customer confusion concerning the origin or sponsorship of any goods offered by Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

24.     Defendants reserve the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

CALL & JENSEN
A PROFESSIONAL CORPORATION

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.     That judgment be entered in favor of Defendants, and against Plaintiff, on all causes of action alleged in the Complaint.

2.     That Defendants be awarded their respective costs of suit in this matter, including reasonable attorneys' fees pursuant to statute; and

3.     For such other and further relief as the Court may deem just and proper.

Dated:  November 18, 2010

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
John T. Egley


By:___*/s/John T. Egley*_____
       John T. Egley

Attorneys for Defendants Benny's Aloha Shirts, Rocky Mountain Apparel Company LLC dba Harley Davidson Café, Southwest Bowling Apparel, Scott Apparel, Inc., Scott Yoon, Miguel Vivanco, Nativity Rigalado, and Avelino Diaz

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury.

Dated: November 18, 2010

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
John T. Egley


By: _/s/John T. Egley_
     John T. Egley

Attorneys for Defendants Benny's Aloha Shirts,
Rocky Mountain Apparel Company LLC dba
Harley Davidson Café, Southwest Bowling
Apparel, Scott Apparel, Inc., Scott Yoon, Miguel
Vivanco, Nativity Rigalado, and Avelino Diaz

ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba
HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY
RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

1

2

## CERTIFICATE OF SERVICE
### (United States District Court)

3

4

5

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

6

7

8

9

On November 18, 2010, I have served the foregoing document described as **ANSWER OF DEFENDANTS BENNY'S ALOHA SHIRTS, ROCY MOUNTAIN APPAREL COMPANY LLC dba HARLEY DAVIDSON CAFE, SCOTT APPAREL, INC., SCOTT YOON, MIGUEL VIVANCO, NATIVITY RIGALADO, AND AVELINO DIAZ TO THE COMPLAINT; DEMAND FOR JURY TRIAL** on the following person(s) in the manner(s) indicated below:

10

11

### SEE ATTACHED SERVICE LIST

12

13

**[ X ]   (BY ELECTRONIC SERVICE)**  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

14

15

16

17

**[ ]   (BY MAIL)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

18

19

20

21

22

23

**[ ]   (BY OVERNIGHT SERVICE)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

24

25

26

27

28

**[ ]   (BY FACSIMILE TRANSMISSION)** On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

CALL & JENSEN
A PROFESSIONAL CORPORATION

1   [  ]   (BY E-MAIL)   I transmitted the foregoing document(s) by e-mail to the
2   addressee(s) at the e-mail address(s) indicated.

3   [ X ]   (FEDERAL) I declare that I am a member of the Bar and a registered Filing User
4   for this District of the United States District Court.

5   [  ]   (FEDERAL) I declare that I am employed in the offices of a member of this
6   Court at whose direction the service was made.

7         I declare under penalty of perjury under the laws of the United States of America
   that the foregoing is true and correct, and that this Certificate is executed on November
8   18, 2010, at Newport Beach, California.

9

10                                             /s/ John T. Egley
                                            John T. Egley
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL & JENSEN
A PROFESSIONAL CORPORATION

1

## SERVICE LIST

2

Roger N. Behle, Jr., Esq.    **Attorneys for Plaintiff**
3
Marisa D. Poulos, Esq.
Foley Bezek Behle & Curtis, LLP  **Umerco Clothing Co. Inc.**
4
575 Anton Blvd., Suite 710
Costa Mesa, CA 92626
5
Tel: (714) 556-1700
Fax: (714) 546-5005
6
RBehle@FoleyBezek.com
MPoulos@FoleyBezek.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL & JENSEN
A PROFESSIONAL CORPORATION