Roger N. Behle, Jr., SBN 174755
Kevin D. Gamarnik, SBN 273445
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile:  (714) 546-5005
Email: RBehle@FoleyBezek.com
       KGamarnik@Foleybezek.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMERCO CLOTHING CO. INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BENNY'S ALOHA SHIRTS, a business entity of form unknown, HARLEY DAVIDSON CAFÉ, a business entity of form unknown, SOUTHWEST BOWLING APPAREL, a business entity of form unknown, KILLER HATS COMPANY, a Pennsylvania corporation, MUSICIAN'S FRIEND, a Delaware corporation, SCOTT APPAREL, INC., a California Corporation, SCOTT YOON, an individual, S-MARQUE, a California Corporation, MIGUEL VIVANCO, an individual, NATIVITY RIGALADO, an individual, AVELINO DIAZ, an individual, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:   SACV10-1435-JVS(CWx)<br><br>*[HONORABLE JAMES V. SELNA]*<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT BY COURT AGAINST DEFENDANTS SCOTT YOON, NATIVITY RIGALADO, AND S-MARQUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with supporting Declarations of Roger N. Behle, Miguel Vivanco, and Ahmed Kotob] |

TO DEFENDANTS NATIVITY RIGALDO, an individual, S-MARQUE, INC., a corporation, and SCOTT YOON, an individual, and ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 16, 2011 Plaintiff filed a motion for a default judgment ("Motion") against NATIVITY RIGALADO, an individual, S-MARQUE, INC., a corporation, and SCOTT YOON, an individual, (hereinafter collectively "Defendants"), pursuant to FRCP 55, for actual damages, the Defendants profits under the Lanham Act, 15 U.S.C. Section 1051 *et seq.*, and treble damages, for an injunction against further infringement of Plaintiff's copyrights and trademarks, and for Plaintiff's costs and attorneys fees.

The Court has previously stricken the answers of the Defendants and entered the default of said Defendants on November 15, 2011. See November 15, 2011, Minute Order on file with the Court, Doc. 78.  This matter was submitted to Courtroom 10C, of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California 92701.  A hearing on this matter (if any) may be ordered by the Court.

In its motion, Plaintiff presented proof of the following matters:

1. The Defendants were served with a copy of the Summons and First Amended Complaint in this action;

2. The Court struck the Defendants' answers and entered defaults against the Defendants in November 15, 2011;

3. The Defendants are not infants or incompetent or in military service or other otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

4. Plaintiff is entitled judgment against the Defendants for violations of United States Trademark laws and for failure to provide evidence that the claims pleaded in the FAC are false;

5. The amount of the judgment sought is, for treble actual damages, $1,470,000 plus attorney fees of $33,000 (pursuant to Local Rule 55-3) for a total

judgment of **$1,503,000**.

This Motion is based on this Notice, the memorandum of points and authorities in support of the motion for entry of default judgment by the court, the attached declarations of Roger N. Behle, Jr., Esq., Miguel Vivanco, and Ahmed Kotob, and the pleadings, files, and other matters that may be presented at the hearing (if any).

DATED: December 16, 2011          FOLEY BEZEK BEHLE & CURTIS, LLP


                                  By:    /s/ Roger N. Behle
                                         Roger N. Behle
                                         Attorneys for Plaintiff,

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND STATEMENT OF THE FACTS

Although the default itself establishes the defendant's liability[1], this introduction and statement of facts will still provide some factual background for the Court.

Plaintiff Umerco Clothing Co., Inc. ("Plaintiff" or "Umerco") was incorporated in the state of California in 1993, but its business dates back to the early 1980's. Declaration of Ahmed Kotob ("Kotob Decl.") ¶ 3. Its founders have over 30 years of experience in designing, manufacturing, importing/exporting and selling all types of clothing for men, women and children. Kotob Decl. ¶ 4. In addition to designing, manufacturing and selling clothing under its own label, Umerco also designs, manufactures and sells clothing under other labels. Some of the other clothing labels include, but are not limited to, the "Dragonfly" ("Dragonfly") and "Dragonfly Roadhouse" ("Roadhouse") labels. Kotob Decl. ¶ 5.

Plaintiff is the current registered owner of United States Trademark Registration No. 3,511,173 for the mark "Dragonfly" in International Class 025, for clothing, namely shirts, pants, short pants, socks, hats, sweatshirts, coats and jackets. Kotob Decl. ¶ 6. In addition, Plaintiff is the current owner of United States Trademark Registration No. 3,199,267 for the mark "Dragonfly Roadhouse" in International Class 025, for clothing, namely tops, bottoms, shirts, pants, coats, jackets, vests, belts, sweaters, sweat shirts, sweat pants, swimwear, underwear, hats and shorts. Kotob Decl. ¶ 7. The Dragonfly mark has been in continuous use by Plaintiff, or its predecessor-in-interest/assignor, since at least as early as December 1995. Kotob Decl. ¶ 8. The Dragonfly Roadhouse mark has been in continuous use by Plaintiff, or its predecessor-in-interest/assignor, since at least as early as October 2003. Kotob Decl. ¶ 9. The Dragonfly and Dragonfly Roadhouse marks are herein referred to collectively as the "Umerco Marks."

---

[1] *TeleVideo Systems, Inc., v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)

Defendant, Nativity Rigalado ("Rigalado") had access to the intellectual property (currently owned by Plaintiff) as a result of his employment with Dragonfly Clothing, Inc., a predecessor-in-interest/assignor of Plaintiff. Kotob Decl. ¶ 10.

Rigalado contacted Defendant Scott Yoon ("Yoon") in an effort to sell products containing Umerco Marks and Umerco Copyrighted Designs. Declaration of Miguel Vivanco ("Vivanco Decl.") ¶ 3. Yoon, individually, and acting on behalf of S-Marque and Scott Apparel, Inc., agreed to import, market, and sell products containing the Umerco Marks. Vivanco Decl. ¶ 3. Soon after the agreement, Yoon, along with Defendant S-Marque, Scott Apparel, Inc., and Rigalado (collectively "Defendants") began importing/exporting, designing, manufacturing and selling clothing bearing Umerco Mark and Umerco Copyrighted Designs. Vivanco Decl. ¶ 3. Defendants had knowledge that the Umerco Marks were owned by Umerco, and had knowledge that they were not authorized to use the Umerco Marks. Vivanco Decl., ¶ 4. On numerous occasions Defendants discussed the fact that Umerco owns the Umerco Marks and that Umerco has not authorized any of the Defendants to exploit any of the Umerco Marks. Vivanco Decl., ¶ 4.

However, in or around October 2010, after having sold approximately 5,000 units bearing one of the Umerco Marks at an average of $18.00 per unit, Defendants received a cease and desist letter, ordering them to stop selling the Umerco products. Vivanco Decl., ¶ 5. Feeling as if they had been "caught", Defendants stopped selling products bearing the Umerco Marks, and instead sold the same products, but this time bearing the "Rockhouse Roadhouse" Mark. Vivanco Decl., ¶ 5. Defendants decided to sell products bearing the "Rockhouse Roadhouse" mark because it was substantially similar to the "Dragonfly Roadhouse" mark, and would likely confuse customers into purchasing the product. Vivanco Decl., ¶ 6. The plan was to confuse the customer into believing that this product was actually a "Dragonfly Roadhouse" product or into believing that this product was associated with either "Dragonfly" or "Dragonfly Roadhouse". Vivanco Decl., ¶¶ 6, 7. Even though the name "Dragonfly

Roadhouse" and "Rockhouse Roadhouse" aren't identical, there is a likelihood of confusion that these products are the same or are associated with the same brand. Defendants knew that this product would be easily confused with "Dragonfly Roadhouse" products. Vivanco Decl., ¶ 6, 7.

Plaintiff filed a complaint in the current case on September 22, 2010. Declaration of Roger N. Behle, Jr. ("Behle Decl.") ¶ 3. Plaintiff filed a First Amended Complaint ("FAC") on November 17, 2010 and served the summons and the FAC upon counsel for the Defendants on or about December 9, 2011. Behle Decl. ¶ 4. Even though the Defendants answered the FAC, they did not participate in any discovery or trial preparation. On October 28, 2011 the Court issued an Order to Show Cause why defendants Yoon, Rigalado and S-Marque answer should not be stricken and default entered for failure to participate in preparation of pretrial proceedings or appear at the PreTrial Conference. See November 15, 2011 Minute Order on file with the Court. On November 15, 2011 the Court struck the answers of each of the Defendants and entered default as to each of the Defendants. *Ibid*.

**II. ARGUMENT**

> A. <u>Plaintiff may apply for a Court Judgment after Defendants' Default has been entered</u>.

Fed. R.Civ. P. 55(b)(2) states in pertinent part that a court judgment is required in any case where the claim is for an amount that is not certain or capable of being made certain by computation; or the defendant, although in default, has appeared in the action. Furthermore the rules require that applications for default judgment set forth the following information: (1) when and against which party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if

required."[2]

All of the required information is set forth in the accompanying Declaration of Roger N. Behle, Jr., which establishes that (1) default was entered by the Court against the Defendants on November 15, 2011 in a Minute Order, Doc. 78; (2) the default was entered as to the FAC; (3) the Defendants are not infants or incompetent persons; (4) the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) notice of Plaintiff's application has been served on the Defendants. Behle Decl. ¶¶ 5-9. Accordingly, Plaintiff has satisfied the procedural requirements for the entry of Default Judgment.

As the Defendants profits are not available to Plaintiff  Here, Plaintiff's damages, the Defendants' gross revenue, will be "proved up" through declarations. A full scale evidentiary hearing is not required in every case.[3] The amount of damages may be fixed by other methods including an accounting, a reference to a master or magistrate judge, and declaration or affidavits.[4]

Mr. Miguel Vivanco indicates in his declaration that Defendants have willfully infringed on the Umerco Marks. Defendants willfully infringed when they sold products bearing the Umerco Marks, and infringed when they sold products bearing the "Rockhouse Roadhouse" mark since that mark was confusingly similar to the "Dragonfly Roadhouse" mark and was meant to confuse customers as to the connection with the brand.

B. <u>Damages</u>

The Lanham Act states "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."[5] Plaintiff is able to ascertain the gross sales of all products sold by the

---

[2] *Phillip Morris USA Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003).
[3] See *James v. Frame*, 6 F.3d 307 (5th Cir. 1993).
[4] See *Transportes Aereos De Angola v. Jet Traders Invest. Corp.,* 624 F. Supp. 264 (D. Del. 1985).
[5] 15 U.S.C. § 1117(a); see *American Honda Motor Co. v. Two Wheels Corp*., 918 F.2d 1060, 1063 (2d Cir. 1990).

Defendants that infringed upon the Umerco Marks through the declaration of Miguel Vivanco.

In the case at hand, Defendants sold approximately 5,000 units bearing the Umerco Marks at an average of $18.00 per product. Vivanco Decl. ¶ 5. Thus, with regard to products sold bearing the Umerco Marks, the gross profits were (5,000 X $18.00) $90,000.

Then, between October 2010 and April 2011, Defendants sold approximately 25,000 units bearing the "Rockhouse Roadhouse" Mark – a mark that also infringed on Umerco's Mark, the "Dragonfly Roadhouse" Mark. Vivanco Decl., ¶ 6. The products bearing the "Rockhouse Roadhouse" Mark were sold on average for $16.00 per product. Vivanco Decl., ¶ 6. Thus, with regard to the products sold bearing the "Rockhouse Roadhouse" Mark, the gross profits were (25,000 X $16.00) $400,000.

Therefore, the total profit earned between the sales of products bearing the Umerco Marks and the "Rockhouse Roadhouse" Mark was $490,000.

But, the Court is allowed, according to the circumstances of the case, to increase the award by up to three times the amount of the actual damages. 15 U.S.C. 1117(a). Where defendant willfully infringes trademark, trebling the damages is appropriate.[6] Here, Mr. Vivanco, an individual who was involved in the infringement ring, has declared that Defendants knew that the Umerco Marks were owned by Umerco, and that the Defendants were not authorized to place those marks on their products. Vivanco Decl., ¶ 5. Also, Defendants knew that the "Rockhouse Roadhouse" brand was similar to the "Dragonfly Roadhouse" Mark, and would cause a likelihood of confusion with the "Dragonfly Roadhouse" Mark, or, at the very least, cause a customer to believe that "Rockhouse Roadhouse" is associated with "Dragonfly Roadhouse". Vivanco Decl., ¶ 6. Here as it was clear the infringement was willful, as the Defendants exploited the Umerco Marks that they knew they were not authorized to use, and then used a mark that was substantially similar to the

---

[6] *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1010 (9th Cir.1994).

"Dragonfly Roadhouse" Mark, treble damages should be granted. Treble damages would be (3 x $490,000=) $1,470,000.

Finally, as this is a trademark case, and it is clear that the Defendants acted willfully in infringing upon the Umerco Marks, Plaintiff is entitled to attorneys fees. The Lanham Act allows for the award of attorney's fees in "exceptional cases".[7] "A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or *willfully*."[8] Therefore Plaintiffs is entitled to attorney's fees pursuant to Local Rule 55-3, which states attorney's fees should not exceed $5,600 plus two percent (2%) of the amount above $100,000. The amount above $100,000 is $1,370,000. Thus, the amount of the attorney's fees is ($5600 + 0.02 X $1,370,000) $33,000.

Thus, by combining the treble damages and the amount of attorney's fees, the default judgment is $1,503,000.

### C. CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that its Motion for Entry of Default Judgment by the Court be granted and a judgment, in the amount of ($1,470,000 + $33,000) **$1,503,000**, be entered against the Defendants, Yoon, S-Marque, and Rigalado, and an injunction preventing further infringement by the Defendants Yoon, S-Marque, and Rigalado.

DATED: December 16, 2011        FOLEY BEZEK BEHLE & CURTIS, LLP

                          By:   \_\_/s/ Roger N. Behle\_\_\_\_
                                Roger N. Behle
                                Attorneys for Plaintiff,

---

[7] 15 U.S.C. § 1117(a).
[8] *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003)(emphasis added).