UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
|---|---|---|---|
| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis / Adrianna Gonzalez | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kevin Gamarnik<br>Roger Behle, Jr. | No Appearance |

**Proceedings:   Plaintiff's Motion for Entry of Judgment by Court Against Defendants Scott Yoon, Nativity Rigaldo and S-Marque (Fld 12-16-11)**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel submit on the tentative ruling. The Court GRANTS in Part and DENIES in Part the motion and rules in accordance with the tentative ruling as follows:**

Plaintiff Umerco Clothing Co. Inc.'s ("Umerco") moves for default judgment against Defendants Scott Yoon, Nativity Rigaldo, and S-Marque pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks damages, a permanent injunction, and attorney's fees and costs. No opposition has been filed. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

I.   BACKGROUND

Umerco filed suit on September 22, 2010 against several defendants alleging several causes of action. (Compl., Docket No. 1.) Defendants Scott Yoon, Nativity Rigaldo, S-Marque, Benny's Aloha Shirts, Rocky Mountain Apparel Company LLC dba Harley Davidson Café, and Scott Apparel, Inc. (collectively the "Answering Defendants") filed a joint answer on November 18, 2010. (Defs.' Answer 1, Docket No. 16.) Plaintiff filed its first amended complaint ("FAC") November 17, 2010 and the Answering Defendants filed a new joint answer December 29, 2010. (Docket Nos. 20, 21.) On May 17, 2011 the attorney for the Answering Defendants moved to withdraw due to breach of contract and possible conflicts of interest between the multiple defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
|---|---|---|---|

| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. |
|---|---|

(Docket No. 29.)  The Court granted the motion.  (Docket No. 31.)  Over the course of the pendency of this action several defendants have been dismissed per Federal Rule of Civil Procedure 41(a)(1)(A)(I) and (ii).  (Docket Nos. 10, 33, 35, 60, 68, 69, 70, 71, 74, 84.)  Additionally, defendant Scott Apparel, Inc. declared bankruptcy, leading to a stay of proceedings against it.  (See, Docket No. 65.)

Currently, the remaining defendants are Scott Yoon, Nativity Rigaldo, and S-Marque (the "Remaining Defendants").  The FAC alleges claims for relief against these defendants for copyright infringement, vicarious copyright infringement, contributory copyright infringement, unfair competition per California Business and professions Code §§ 17200, *et seq*., civil conspiracy, federal trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a), trademark dilution in violation of § 1125(c), declaratory relief of Umerco's rights in the asserted copyrights and trademarks, injunctive relief, and an accounting.  (FAC ¶¶ 8-19.)

The Remaining Defendants were amongst the Answering Defendants and therefore had an answer on file in this matter.  However, on October 28, 2011, the Court ordered the Remaining Defendants "to show cause, in writing, not later than November 15, 2011, why their answer should not be stricken and default entered for failure to participate in the preparation of pretrial proceedings or appear at the PreTrial Conference."  (OSC 1, Docket No. 64.)  None of the Remaining Defendants appeared on November 15, 2011, or responded to the Court's Order to Show Cause.  (Docket No. 78.)  The Court therefore ordered the answers of the Remaining Defendants be stricken and Default entered as to these defendants.  (Id.)  The Court further directed Umerco to file an appropriate application for default judgment by December 16, 2011.

Umerco timely filed the present motion for entry of judgment against the Remaining Defendants.  (Pl.'s Mot. Br. 1, Docket No. 82.)  Umerco moves for default judgment against the Remaining Defendants "for actual damages, the Defendants profits under the Lanham Act, 15 U.S.C. Section 1051 *et seq*., and treble damages, for an injunction against further infringement of Plaintiff's copyrights and trademarks, and for Plaintiff's costs and attorneys fees."  (Notice of Mot. 2, Docket No. 82.)

II.   LEGAL STANDARD

    A.   <u>Default Judgment</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. | | |

Under Federal Rule of Civil Procedure 55(b)(2), a "party may apply to the court for a default judgment." Granting a motion for default judgment pursuant to Rule 55(b)(2) is within the discretion of the Court. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); see also Manuel v. Thomas, 967 F.2d 588 (9th Cir. 1992). The Court will consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel, 782 F.2d at 1471-72.  "In applying this discretionary standard, default judgments are more often granted than denied."  PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

On a motion for default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages.  See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).  Nevertheless, the Court may also base its determination upon the declarations Umerco has submitted.  Fed. R. Civ. P. 55(b)(2); L.R. 55-2; Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981).

III.   DISCUSSION

While Umerco does not specify if it is seeking default judgment as to all of its claims or only a portion, its Motion discusses only damages, fees, and costs for trademark infringement generally and injunctive relief against infringement of its trademarks and copyrights.  (Notice of Mot. 2.)  The Court thus does not address the declaratory judgment, accounting, and unfair competition claims for relief.

The Court begins by noting that Umerco has submitted a declaration demonstrating its compliance with Local Rule 55-1 regarding the requirements for entry of default judgment: (1) on November 15, 2011, default was entered against the Remaining Defendants on the FAC; (2) Defendants are not infants or incompetent persons; (3) the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, does not apply because Defendants are not in the military; and (4) notice of this motion has been served on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
|---|---|---|---|
| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. | | |

Defendants. (Behle Decl. 2, Docket No. 82-3.) The Court will therefore analyze the Eitel factors to determine if it should exercise its discretion to enter default judgment. It will then analyze the extent of damages proven and other relief sought.

    A.    Judgment

The Court has reviewed the Umerco's copyright and trademark claims and finds that entry of default judgment is warranted by the facts alleged and other circumstances of the case on the direct copyright infringement claim, the trademark infringement claim, and the false designation of origin claim.

        1.    *Direct, Vicarious, and Contributory Copyright Infringement*

            I.    *Claim Standard*

To sustain a claim for copyright infringement, a plaintiff must show that it owns a valid copyright and that defendant violated one of the exclusive rights granted to a copyright owner. 17 U.S.C. § 501; MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 517 (9th Cir. 1993). Three elements are required to prove a defendant vicariously liable for copyright infringement: (1) direct infringement by a primary party, (2) a direct financial benefit to the defendant, and (3) the right and ability to supervise the infringers. Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd., 380 F.3d 1154, 1164 (9th Cir. 2004). Contributory infringement is shown where a party, who knows or should have known of direct infringing activity, induces, causes or materially contributes to the infringing conduct of another. Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 943-44 (9th Cir. 2011).

            ii.    *Eitel Factor Application*

The Court first looks a the possible prejudice to the plaintiff for the first factor. The Remaining Defendants have refused to prepare for trial or appear since the filing of their previous answer. Umerco would suffer prejudice if the default judgment is not entered because it would be denied the right to judicial resolution the claims presented without other recourse for recovery. See Eitel 782 F.2d at 1471-72. Therefore, the first factor favors entry of default judgment on all three copyright claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. | | |

  Analysis of the second and third factors, merits of the claim and sufficiency of the complaint, essentially involves determining whether a plaintiff has "state[d] a claim on which the [plaintiff] may recover." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). In this case, the operative complaint alleges that Umerco owns valid copyrights on several designs. (FAC ¶ 31.) It further states that the Remaining Defendants worked together to import, export, design, manufacture, and sell clothing bearing designs confusingly and substantially similar to Umerco's copyrighted designs. (FAC ¶ 28.) The FAC alleges one specific act of selling items that bore confusingly and substantially similar designs at a Las Vegas industry show. (Id.) Additionally, Umerco alleges that the Remaining Defendants have reproduced, copied, distributed, and utilized for purposes of trade unauthorized versions of Umerco's designs. (Id. at ¶ 35.) The FAC also alleges they reproduced, copied, displayed, modified, transformed, adapted, and distributed Umerco's copyrighted works without authorization. (Id. at ¶ 18.) Further, Umerco contends the Remaining Defendants sold embodiments of the copyrighted designs on clothing and fabric "on the wholesale and retail markets" and that Umerco never granted a license or permission to do so in any form. (Id.)

  Many of these allegations are simple conclusions, insufficient to sustain a claim for relief because a defaulting "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (rejecting as mere legal conclusions allegations that simply "parrot the language of [the relevant statute]"). Additionally, alleging that the Remaining Defendants sold "confusingly similar" designs seems more aimed towards the standard required to show a claim of trademark infringement. See Section 3 infra. Copyright infringement requires copying of some type. MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 517 (9th Cir. 1993). However, absent direct evidence of copying, "plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are 'substantially similar' in idea and in expression of the idea." Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996). Removing those allegations that are mere legal conclusions, the Court is left with allegations that clothing and fabric embodying the copyrighted designs were sold on the wholesale and retail markets, that several defendants together acted to sell clothing with substantially similar designs to the copyrighted designs at a Las Vegas industry show, that defendants had access to the copyrighted designs as a result of the employment of some of them, that Umerco has maintained several valid copyrights, and that Umerco did not grant any right related to copyrighted designs to the defendants. The Court finds these facts support a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
|---|---|---|---|

| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. |
|---|---|

relief for copyright infringement per 17 U.S.C. § 501. Therefore the second and third Eitel factors favor entry of default judgment against the Remaining Defendants on this claim. See Eitel 782 F.2d at 1471-72

However, stripped of legal conclusions such as "each Defendant had the right and ability to supervise the infringing conduct of the other Defendants," the FAC does not support a claim for vicarious or contributory copyright infringement. No facts are alleged about the ability or right to supervise direct infringers, the financial benefit being derived by defendants from some form of direct infringers, that the Remaining Defendants knew of direct infringement other than their own, or that the Remaining Defendants contributed to the infringing conduct of other defendants. Accordingly, the second and third Eitel factors do not favor entry of default against the Remaining Defendants on these claims. Id.

The Court now looks to the amount of damages at stake. For the copyright claims, Plaintiff has not sought any damages. (Notice of Mot. 2.) Plaintiff does request injunctive relief against further copyright infringement. (Id.) Nevertheless, because no damages are being sought, this factor weighs in favor of entering default on all three claims. Eitel 782 F.2d at 1471-72.

There is little possibility of a dispute of material facts on the copyright infringement claim since it is supported by well-pleaded facts and default has been entered. The Remaining Defendants have not raised any possibility of dispute. Therefore the Court finds this factor weighs in favor of entering default judgment. Further, the Court finds no evidence of excusable neglect as the Remaining Defendants continue to absent themselves from the proceedings and have not filed an opposition to this motion despite being issued an order to show cause. This factor also weighs in favor of entering default judgment.

The final factor, that policy favors deciding cases on their merits whenever reasonable possible, does not preclude entry of default here. Id. at 1472. The failure of the Remaining Defendants to participate in pre trial and trial proceedings makes a decision on the merits impractical or impossible, thus neutralizing this factor. Elektra Entertainment Group Inc. et al. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005).

Weighing all the factors, in its discretion, the Court finds it appropriate to enter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
|---|---|---|---|

| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. |
|---|---|

default judgment as to the first claim for relief, copyright infringement, but not as to the second or third, vicarious and contributory infringement.

      1.    *Trademark Infringement, False Designation of Origin, and Trademark Dilution*

           I.    *Claim Standard*

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party 'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" Network Automation, Inc. v. Advanced Systems Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting Dep't of Parks & Recreation v. Bazaar Del Mundo Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). Additionally, such use must be "use in commerce." 15 U.S.C. § 1114(1). False designation of origin claims under 15 U.S.C. §1125(a) were created to provide "a federal remedy against the deceptive use of unregistered trademarks to designate falsely the origin of goods. International Order of Job's Daughters v. Lindeburg and Co., 633 F.2d 912, 917 (9th Cir. 1980). Such an action requires proof: (1) that a defendant uses a designation or false designation of origin; (2) in interstate commerce; (3) in connection with goods or services; (4) the designation is likely to cause confusion, mistake or deception as to the origin of defendant's goods; and (5) plaintiff has been or is likely to be damaged by these acts. Finally, an action for trademark dilution under 15 U.S.C. § 1125(c) requires establishing the plaintiff is an owner of a "famous" mark, the defendant is making use of the challenged designation as a mark or trade name, in interstate commerce, defendant's use began after the plaintiff's mark became famous, and defendant's use is likely to cause dilution by blurring or tarnishment. 15 U.S.C. § 1125(c).

           ii.    *Eitel Factor Application*

The analysis of several factors for these claims is identical to that performed for the copyright causes of action. The merits of the claim, sufficiency of the complaint, and amount of damages are the only factors requiring separate analysis. The other factors are resolved identical to as discussed above.

The Court therefore analyzes the sufficiency of the complaint and the merits of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. | | |

claims by looking to the complaint and supplemental declaration provided by Umerco to determine if a claim upon which relief can be granted has been stated. PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d at 1175. Umerco alleges it owns two valid registered trademarks for "Dragonfly" and "Dragonfly Roadhouse." (FAC ¶23.) It further has alleged sufficient facts to establish that the Remaining Defendants have offered for sale and sold in interstate commerce goods either marked with Umerco's trademarks or confusingly similar marks. (FAC ¶¶ 25, 28, 63, 71; Vivanco Decl. ¶¶ 2-7.) This use was on the same type of products that Umerco sold under its marks. (Id.) Further, the use of the marks was done intentionally to evoke the goodwill of the Dragonfly and Dragonfly Roadhouse brand, and use of the similar marks was done in order to confuse consumers or to make them believe the products were from the same origin. (FAC ¶¶ 64, 70, 72; Vivanco Decl. ¶¶ 2-7.) Therefore, a proper claim has been stated for both §1114 infringement and §1125 false designation of origin.

Umerco alleges no facts other than a single legal conclusion that its marks are famous. This is insufficient to establish the matter. DirecTV, 503 F.3d at 854. Therefore, Umerco has not stated a claim for trademark dilution upon which relief can be granted.

Accordingly, the second and third Eitel factors weigh in favor of entering judgment for the Sixth and Seventh Claims for Relief, but not the Eighth.

Only one set of damages is sought for all trademark claims. Umerco seeks plaintiff's profits, trebled for willfulness, and with a grant of attorney's fees based on willfulness as well. (Pl.'s Mot. Br. 4-6.) This adds up to $1,503,000. This value is not excessive or lacking enough to weigh either in favor or against entry of judgment.

On balance the Court finds it appropriate to enter default judgment on only the claims for federal trademark infringement and false designation of origin.

B.   Relief

Any relief sought on the basis of a default judgment is limited to what was demanded in the pleadings. Fed. R. Civ. P. 54(c). Umerco now seeks injunctive relief, damages, treble damages, and attorneys fees. (Pl.'s Mot. Br. 4-6.) It sought this relief in its complaint. (FAC p. 20-24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01435-JVS(CWx) | Date | February 13, 2012 |
| Title | Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al. | | |

      1.    *Injunctive Relief*

      The standard for determining whether a permanent injunction should be granted is "essentially the same as the standard for a preliminary injunction, except that the court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits." Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987). Plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Both the copyright laws and trademark laws vest this court with the power to grant injunctive relief. 17 U.S.C. §502; 15 U.S.C. § 1116. "[T]he Supreme Court 'has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed.'" Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F.Supp.2d 1197, 1207 (C.D. Cal. 2007) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). The same rule applies to infringement of trademarks or other violation of the Lanham Act, the decision remains in the discretion of the district court. Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc., 106 F.3d 894, 903 (9th Cir. 1997) ("A plaintiff is not automatically entitled to an injunction simply because it proved its affirmative claims.").

      Here, Umerco has alleged that the Remaining Defendants are infringing its copyrights and trademarks and continuing to do so at trade shows and directly to retailers. Further, it asserts it directly competes in the market of this type of stylized clothing. (FAC ¶ 17.) This causes it an irreparable injury that would be difficult to quantify and thus compensate under law. Being in direct competition, the infringement could remove market share, or damage the value of the mark with consumers permanently. Therefore the Court finds it appropriate to enjoin the Remaining Defendants from using Umerco's marks or confusingly similar marks and from further selling or reproducing substantially similar copies of Umerco's copyrighted designs.

      3.    *Damages*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-01435-JVS(CWx)                                     Date   February 13, 2012

Title       Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al.

      Umerco only seeks damages under the Lanham Act.  The evidence Umerco has presented establishes that the Remaining Defendants received a revenue of $490,000 from their infringement.  (Vivanco Decl. ¶¶ 5, 6.)  Miguel Vivanco's direct involvement with the Remaining Defendants in the infringing activities establishes the foundation for his estimates of infringing sales.  (Vivanco Decl. ¶¶ 2-3.)  The Lanham Act authorizes a plaintiff to recover a defendant's profits through establishing the defendant's sales only.  15 U.S.C. § 1117(a).  The burden is on the defendant to then prove costs and deductions from that amount.  Id.  Therefore, the Court finds Umerco's evidence sufficient to establish the total amount of $490,000 in damages.

      Additionally, the evidence has established willful infringement, making the case exceptional and warranting trebling of damages.  (Vivanco Decl. ¶ 4);  15 U.S.C. 1117(a); Nintendo of America, Inc. v Dragon Pacific Int'l, 40 F.3d 1007, 1010 (9th Cir. 1994).  Accordingly, the Court awards $1,470,000.

      4.     *Attorney Fees*

      Umerco seeks $33,000 in attorney's fees per 15 U.S.C. 1117(a) because the case is exceptional.  Local rule 55-3 provides for specific calculations of attorney's fees to be awarded in a default judgment when reasonable fees are authorized by statute, as they are here.  L.R. 55-3.  In this instance, the admitted allegations and submitted evidence establish willful infringement and the Court therefore finds the case exceptional, triggering an award of reasonable attorney's fees.  Per Local Rule 55-3, a party receiving a judgment over $100,000 is entitled to "$5600 plus 2% of the amount over $100,000.  Thus, Umerco is entitled to $33,000 and the Court awards it this amount in fees.

      5.     *Costs*

      Umerco states it seeks costs in its notice of motion.  (Notice of Mot. 2.)  It does not discuss this amount, or any basis. The Court therefore directs that Umerco may seek costs in accordance with L.R. 54-3.

**IV.   CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 10-01435-JVS(CWx)                                    Date    February 13, 2012

Title        Umerico Clothing Company Inc. v. Benny's Aloha Shirts, et al.

    For the reasons set forth the above the Court GRANTS the motion in part and DENIES the motion in part.

    IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | kjt | | |