Roger N. Behle, Jr., SBN 174755
Kevin D. Gamarnik, SBN 273445
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile: (714) 546-5005
Email: RBehle@FoleyBezek.com
      KGamarnik@Foleybezek.com

JS-6

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMERCO CLOTHING CO. INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BENNY'S ALOHA SHIRTS, a business entity of form unknown, HARLEY DAVIDSON CAFÉ, a business entity of form unknown, SOUTHWEST BOWLING APPAREL, a business entity of form unknown, KILLER HATS COMPANY, a Pennsylvania corporation, MUSICIAN'S FRIEND, a Delaware corporation, SCOTT APPAREL, INC., a California Corporation, SCOTT YOON, an individual, S-MARQUE, a California Corporation, MIGUEL VIVANCO, an individual, NATIVITY RIGALADO, an individual, AVELINO DIAZ, an individual, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.:   SACV10-1435-JVS(CWx)<br><br>*[HONORABLE JAMES V. SELNA]*<br><br>**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST SCOTT YOON, NATIVITY RIGALADO, AND S-MARQUE** |

TO DEFENDANTS NATIVITY RIGALADO, an individual, S. MARQUE, INC., a corporation, and SCOTT YOON, an individual, and ITS ATTORNEYS OF RECORD:

Plaintiff's Motion for Entry of Default Judgment and supporting documents were submitted to the Court on December 16, 2011.

The Court's has reviewed all the documents submitted by Plaintiff in support of its application for the entry of default and has found the application to have met the requirement for granting of default judgment pursuant to Fed. R. Civ. P. 55.

The Court makes the following findings:

1. Nativity Rigalado, Scott Yoon, and S-Marque ("Defendants") have infringed Plaintiff's copyrighted designs.

2. Defendants have *willfully* infringed upon Plaintiff's registered trademarks "Dragonfly" and "Dragonfly Roadhouse", Registration Nos. 3,511,173 and 3,199,267 respectively (collectively "Umerco Marks").

3. Defendants were entrusted with intellectual property of Umerco, Defendants appropriated this intellectual property to use other than that for which they was entrusted, and there is clear and convincing evidence indicating fraud by the Defendants.

4. Due to the willful nature of the infringement, Plaintiff is entitled to treble actual damages.

5. Due to the willful nature of the infringement, Plaintiff is entitled to attorney's fees.

THEREFORE, THE REQUESTED MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT IS GRANTED AND IT IS HEREBY ORDERED as follows:

1. The Defendants are ordered to pay the sum of **$1,503,000** to Plaintiff.

The total judgment includes treble damages and attorney's fees.

    a. Plaintiff's actual damages consist of the Defendants total revenue, proved through the declaration of Miguel Vivanco. Plaintiff's actual damages, were calculated by first obtaining the actual damages for profits that Defendants earned in its sale of products bearing the Umerco Marks. Defendants sold 5,000 units at $18.00 on average, equaling $90,000. Second, the actual damages for profits bearing the "Rockhouse Roadhouse" Mark -- which causes a likelihood of confusion and association with the "Dragonfly Roadhouse" Mark was calculated. 25,000 of these products were sold at $16.00 per unit. Thus, Defendants profited $400,000 from the products bearing the "Rockhouse Roadhouse" Mark. The amounts of $90,000 and $400,000 were combined to reach a total of $490,000. This total was then trebled, for *willful* infringement, and the total actual damages incurred by Plaintiff are $1,470,000.

    b. The Defendants are also ordered to pay $33,000 as attorney's fees pursuant to Local Rule 55-3.

2. Also, Defendants are permanently enjoined from using or associating themselves with the "Dragonfly" and/or "Dragonfly Roadhouse" Marks, Registration Nos. 3,511,173 and 3,199,267 respectively. This injunction with regard to the use of the "Dragonfly" and/or "Dragonfly Roadhouse" Marks applies to, but is not limited to products, apparel, marketing material, retail displays, advertisements, and websites.

DATED: February 14, 2012

By: _____
Honorable James V. Selna
Judge of the United States District Court